```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE NORTHERN DISTRICT OF ILLINOIS
                       EASTERN DIVISION

MICHAEL WIDMER #B-30985,        )
                                )
              Plaintiff,        )
                                )
     v.                         )    No.  13 C 6095
                                )
ENGELSON, et al.,               )
                                )
              Defendants.       )
_____)
                                )
MICHAEL WIDMER #B-30985,        )
                                )
              Plaintiff,        )
                                )
     v.                         )    No.  13 C 6097
                                )
MAIL ROOM EMPLOYEES, et al.,    )
                                )
              Defendants.       )
```

## MEMORANDUM ORDER

Michael Widmer ("Widmer") has just filed the two 42 U.S.C. §1983 ("Section 1983") Complaints identified in the caption, each time utilizing the printed forms made available by this District Court's Clerk's Office for use by persons in custody, with all of the information requested by those forms being supplied pro se in hand-printed form. Widmer is scarcely a stranger to the federal courts--four earlier lawsuits during the 1997-1999 time frame and one lawsuit late in 2012 were assigned to this Court's calendar, while each Complaint's ¶IV refers to one currently pending lawsuit in the United States District Court for the Central District of Illinois and no fewer than nine lawsuits pending in the United States District Court for the Southern District of

Illinois.  That being so, some of Widmer's violations of rules with which he is necessarily familiar are difficult to understand.

For example, although Widmer must know that a service copy of his pleadings must be provided for every named defendant, he has tendered only the original and a copy of each Complaint, asking that the copy be stamped "filed" and returned to him. This Court has instead received, and will retain, the Judge's Copy of each Complaint, as is called for by this District Court's LR 5.2(f).  Hence Widmer is ordered to file, as soon as possible, seven additional copies of the Complaint in 13 C 6095 and four additional copies of the Complaint in 13 C 6097.[1]

Widmer's 13 C 6097 Complaint is accompanied by a filled-out In Forma Pauperis Application ("Application"), while none has been provided in 13 C 6095.  This Court will not stand on ceremony in that respect, instead treating the single Application as tendered for both cases.  But even though Widmer is obviously familiar with the provisions of 28 U.S.C. §1915 calling for a printout showing all transactions in his trust fund account at each institution where he has been in custody during the six

---

[1] If Widmer lacks the funds or otherwise lacks the ability to obtain those service copies, he should promptly file with this Court a statement explaining why such is the case.  If he has by then complied with his obligation referred to next in the text, this Court will cause this District Court's prisoner correspondence staff to make the required copies.

months preceding suit (in this instance that means the entire period from February 13 through August 12, 2013), the Application is accompanied only by a printout from Menard Correctional Center ("Menard") for the half-month period beginning June 26 and ending July 11, 2013.

In that respect Widmer has also submitted a letter explaining that he was at Lawrence Correctional Center ("Lawrence") from June 2012 until June 19, 2013, when he was transferred to Menard, after which he was transferred to Stateville Correctional Center ("Stateville") on July 31, 2013. Widmer goes on to explain that he was told by the business office at Stateville that he has no account there because "I'm writ status."

Because Widmer claims that he has no way to obtain a statement from Lawrence, this Court is transmitting a copy of this memorandum order to that institution with a request that the fiscal officers there transmit a copy of a statement showing all transactions in Widmer's trust fund account from February 23, 2013 until he was transferred to Menard. That transmittal should bear Widmer's name and the two case numbers involved here (13 C 6095 and 6097) and should be addressed as follows:

> Clerk, United States District Court
> 219 South Dearborn Street - 20th Floor
> Chicago IL 60604
>
> Attention: Financial Department

As soon as this Court receives the information needed to enable it to make the calculation called for by Section 1915, it contemplates doing so. It will then follow with appropriate action, crediting at least for the present Widmer's assertions that he has exhausted all available administrative remedies, a requirement that 42 U.S.C. §1997a(e) establishes as a precondition to filing any Section 1983 action.[2]

                                                            _____
                                                            Milton I. Shadur
                                                            Senior United States District Judge

Date: August 29, 2013

---

[2] This Court is mindful of the urgency that Widmer seeks to attach to each of these actions, but what it has dealt with here are problems of Widmer's own making.