## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WIDMER (B-30985), | ) ) ) | |
| Plaintiff, | ) ) | Case No: 13 C 6095 |
| v. | ) ) ) | Judge Thomas M. Durkin |
| ENGELSON, et al., Defendants. | ) ) ) | |

## ORDER

Plaintiff's amended complaint [#6] is dismissed with leave to amend. If Plaintiff wishes to proceed with this case he must submit a proposed amended complaint in accordance with this order within thirty days. The Clerk is directed to provide Plaintiff with an amended complaint form and a copy of this order. If Plaintiff fails to submit his proposed amended complaint in compliance with this order, this case will be dismissed on the understanding that Plaintiff is no longer interested in pursuing this case.

## STATEMENT

Plaintiff, an inmate in state custody at Menard Correctional Center, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that he has been subjected to a variety of unconstitutional conditions of confinement at Stateville N.R.C. Plaintiff alleges that Superintendent Engelson denied him access to writing utensils and other legal materials, cleaning products, and a religious diet. Plaintiff also alleges that Defendant Engelson retaliated against him for complaining about the various alleged violations of his rights by placing him in segregation in a filthy cell with blood on the floor. Plaintiff further alleges that Defendant Edwards refused to allow him to take legal transcripts to court with him, and allowing him to shower prior to his court appearance, causing him to lose a hearing resulting in Plaintiff's parental rights being terminated. Plaintiff also alleges a policy of forcing inmates to live in unsanitary conditions and not providing hot water for showers.

On review pursuant to 28 U.S.C. § 1915A, the Court finds that Plaintiff's complaint is insufficient as a matter of law. Plaintiff must submit an amended complaint. Plaintiff appears to be making different claims against unrelated Defendants. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the U.S. Court of Appeals for the Seventh Circuit examined a prisoner complaint containing a laundry list of grievances. The Court of Appeals admonished the district court for failing to "question" the plaintiff's decision to "join 24 defendants, and approximately 50 distinct claims, in a single suit." *George*, 507 F.3d at 607. In the case at bar, Plaintiff has raised claims for conditions of confinement and for deliberate indifference to a serious medical conditions.

As discussed in *George*,

> The controlling principle appears in Fed. R. Civ. P. 18(a): "A party asserting a claim to relief . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass that this 50-claim, 24-defendant suit produced but also to ensure that prisoners pay the required filing fees -for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

*George*, 507 F.3d at 607. Plaintiff's complaint containing distinct claims against unrelated Defendants cannot stand. *Id.* at 606.

Plaintiff makes multiple distinct claims for unconstitutional conditions of confinement and for violation of his First Amendment right to access to courts. Plaintiff must choose between the claims he makes to pursue one core claim. Plaintiff may only pursue multiple types of claims to the extent that they involve a common Defendant(s). Otherwise, they must be brought as separate suits. So, Plaintiff must decide upon one central core claim to pursue against the individuals alleged to have violated his rights.

For the foregoing reasons, Plaintiff's complaint is dismissed, without prejudice. Plaintiff must choose a single, core claim to pursue under this case number, and name the individual Defendants whom he believes violated his rights. Any other claims Plaintiff may wish to prosecute must be brought in separate lawsuits, for which he must pay a separate filing fee.

Plaintiff is cautioned that an amended pleading supersedes the original complaint and must stand complete on its own. Therefore, all allegations Plaintiff wishes the Court to consider must be set forth in the amended complaint, without reference to the original complaint. Any exhibits Plaintiff wants the Court to consider in its threshold review of the amended complaint must be attached, and each copy of the amended complaint must include complete copies of any and all exhibits.

The Clerk will provide Plaintiff with an amended civil rights complaint form and instructions along with a copy of this order. If Plaintiff fails to comply within thirty days, the case will be summarily dismissed in its entirety.

Date:        5/22/14                             /s/ Thomas M. Durkin