# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL WIDMER (B-30985), | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 13 C 6095 |
| | ) | |
| v. | ) | |
| | ) | Judge Thomas M. Durkin |
| ENGELSON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

For the reasons contained in this order, Plaintiff's motion to substitute judge [28] is denied.

## STATEMENT

Plaintiff has moved to substitute judge in this matter, generally arguing that he is being prejudiced by the Court's handling of the case, and alleging delay due to his appointed attorney's withdrawal of representation.

The Court reviews plaintiff's accusation of bias pursuant to 28 U.S.C. § 144. Title 28 U.S.C. §144 states that a party may file a "timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party [and] such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding;" *see also United States v. Sykes*, 7 F.3d 1331, 1338 n.10 (7th Cir. 1993). A plaintiff must set forth "sufficient facts and reasons for the belief that bias or prejudice exists." 28 U.S.C. § 144; *United States v. Sykes*, 7 F.3d 1331, 1338-1339 (7th Cir. 1993). The alleged bias must be personal, resulting from an extra-judicial source. *Sykes*, 7 F.3d at 1339. Simple conclusions, opinions or rumors are insufficient. *Id.* The mere fact that the plaintiff has disagreed with past court decisions does not warrant recusal. Bias cannot be inferred simply from adverse rulings. *Adkins v. C.I.R.*, 875 F.2d 137, 142 (7th Cir. 1989). "Bias cannot be inferred from a mere pattern of rulings by a judicial officer, but requires evidence that the officer had it in for the party for reasons unrelated to the officer's view of the law. . . ." *Keith v. Barnhart*, 473 F.3d 782, 789 (7th Cir. 2007).

Here, Plaintiff seeks his matter be reassigned to another judge based on the allegation that the Court is not exercising the same discretion as it would if Plaintiff were an attorney or civilian. While Plaintiff complains about the attorney whom the Court appointed to represent him, and who recently withdrew, Plaintiff offers no support for his general allegation of bias, and does not include the required affidavit. Plaintiff merely makes generalized allegations of prejudice. Plaintiff's conclusory allegation of not receiving fair treatment is insufficient to demonstrate bias. *Sykes*, 7 F.3d at 1339; *Keith*, 473 F.3d at 789.

With respect to Plaintiff's allegation of delay, the docket indicates that there is no operative complaint in this case, and that Plaintiff has been ordered to submit a proposed amended complaint. Until Plaintiff submits an acceptable complaint in this case, summonses cannot issue and the case cannot move forward. Accordingly, the motion to substitute is denied.

Date:   6/4/14                                          /s/ Thomas M. Durkin